IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE DOMINGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 1:19-cv-02335 |
| | ) | |
| v. | ) | |
| | ) | |
| HARRIS & HARRIS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, STEPHANIE DOMINGUEZ, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, HARRIS & HARRIS, LTD., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. STEPHANIE DOMINGUEZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Odessa, County of Ector, State of Texas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Medical Center Health System (hereinafter, "the Debt").

6. The Debt was for medical services provided to Plaintiff's child, which were covered by Medicaid.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HARRIS & HARRIS, LTD., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Texas. Defendant's principal place of business is located in the State of Illinois. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about January 22, 2018, Plaintiff's child was treated at Medical Center Health System.

15. At the time Plaintiff's child was treated, Plaintiff's child received Medicaid benefits, which were managed by Superior Healthplan.

16. After Plaintiff's child was treated at Medical Center Health System, Plaintiff was sent a bill to pay $321.00.

17. In or around June of 2018, Plaintiff submitted a complaint to Superior Healthplan regarding the bill she had received because the medical services provided to Plaintiff's child should have been covered by Medicaid.

18. On or about June 21, 2018, Superior Healthplan responded to Plaintiff's complaint and notified Plaintiff that it had spoken with a representative of Medical Center Health System named Hao, and that Medical Center Health System acknowledged receiving payment and making adjustments, but stated that its database showed a balance due. Superior Healthplan further stated that it had advised Medical Center Health System that the claims had been paid and that there was no patient responsibility.

19. After the aforesaid correspondence was sent detailing Superior Healthplan's communications with Medical Center Health System, Medical Center Health Systems referred the Debt to Defendant to seek collection from Plaintiff.

20. On or about September 28, 2018, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff. A true and exact copy of said correspondence is attached hereto as **Exhibit A**.

21. In the aforesaid correspondence dated September 28, 2018, which included the heading, "DELINQUENCY NOTIFICATION," Defendant stated that Plaintiff owed an "Amount Due" of $321.00.

22. On or about November 21, 2018, Defendant sent Plaintiff a second correspondence in an attempt to collect the Debt from Plaintiff. A true and Exact copy of said correspondence is attached hereto as **Exhibit B**.

23. In the aforesaid correspondence dated November 21, 2018, which included the heading "CREDIT BUREAU REPORT ALERT YOUR ACCOUNT(S) MAY BE REPORTED TO THE CREDIT BUREAUS," Defendant again stated that Plaintiff owed an "Amount Due" of $321.00, which it was now threatening to report to one or consumer reporting agencies.

24. Unsure as to why she was being sent collection letters from Defendant attempting to collect a debt that was covered by Medicaid, Plaintiff again contacted Superior Healthplan.

25. On or about December 7, 2018, Superior Healthplan sent Plaintiff a correspondence confirming that Plaintiff was not responsible for the Debt and advising Plaintiff to contact Defendant and provide it with her child's Medicaid ID, its claims address, and a copy of its correspondence dated December 7, 2018.

26. On December 13, 2018, Plaintiff sent a correspondence to Defendant with her child's Medicaid ID, Superior Healthplan's claims address, and a copy of Superior Healthplan's correspondence dated December 7, 2018. Plaintiff further noted that she was disputing the Debt and requested that Defendant cease contacting her. A true and exact copy of said correspondence is attached hereto as **Exhibit C**.

27. On or about January 30, 2019, Defendant sent Plaintiff a third correspondence in an attempt to collect the Debt. A true and exact copy of said correspondence is attached hereto as **Exhibit D**.

28. In the aforesaid correspondence dated January 30, 2019, Defendant now asserted that Plaintiff owed $642.00, doubling the amount that it had previously claimed that Plaintiff owed.

29. In the aforesaid correspondence dated January 30, 2019, Defendant stated, *inter alia*:

"*We have attempted to contact you numerous times regarding the debt owed to MEDICAL CENTER HEALTH SYSTEM. We are contacting you again as a courtesy reminder that this obligation is still outstanding and a balance of $642.00 still remains unpaid.*

*We do understand that circumstances arise, but this obligation is now severely delinquent. Please contact us and allow us to work with you in getting this debt resolved as quickly as possible. Call our office today to speak with one of our account representatives regarding options available to you.*"

30. The aforesaid correspondence dated January 30, 2019 was not sent by Defendant to Plaintiff to advise Plaintiff that Defendant's collection efforts were being terminated.

31. The aforesaid correspondence dated January 30, 2019 was not sent by Defendant to Plaintiff to notify Plaintiff that Defendant or the creditor may invoke any specified remedies.

32. The aforesaid correspondence dated January 30, 2019 was not sent by Defendant to Plaintiff to notify Plaintiff that Defendant or the creditor intended to invoke any specified remedy.

33. The aforesaid correspondence dated January 30, 2019 was sent by Defendant to Plaintiff in an attempt to collect the Debt from Plaintiff.

34. Defendant's representations in its correspondence to Plaintiff, as delineated above, were false, deceptive and misleading given that Plaintiff was not obligated to pay the Debt.

35. Defendant's representations in its correspondence to Plaintiff, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that Plaintiff did not owe any portion of the Debt, and Defendant had inexplicably doubled the Debt it claimed that Plaintiff owed in its correspondence dated January 30, 2019.

36. In its attempts to collect the debt allegedly owed by Plaintiff to Medical Center Health System, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEPHANIE DOMINGUEZ, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

                                              Respectfully submitted,
                                              **STEPHANIE DOMINGUEZ**


                              By:    <u>s/ David M. Marco</u>
                                    Attorney for Plaintiff

<u>Dated: April 5, 2019</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com